UNITED STATES, Appellee,

v.

Specialist Four Enrique TENA, Jr., SSN 555–11–7057, United States Army, Appellant.

SPCM 17692.

U. S. Army Court of Military Review.

17 Feb. 1983.

Colonel William G. Eckhardt, JAGC, Lieutenant Colonel R. Rex Brookshire II, JAGC, Captain Thomas R. Peppler, JAGC, and Captain Kenneth G. Gale, JAGC, were on the pleadings for appellant.

Lieutenant Colonel John T. Edwards, JAGC, Captain John L. Plotkin, JAGC, and Captain Patrick M. Flachs, JAGC, were on the pleadings for appellee.

Before HANSEN, MILLER and BADA-MI, Appellate Military Judges.

## OPINION OF THE COURT

MILLER, Senior Judge:

This case involves a single issue: whether the military judge erred by denying appellant's motion to suppress evidence seized during an unscheduled inspection. The evidence of concern was a quantity of marihuana in hashish form found in a pocket of appellant's field jacket which was located in appellant's room.[1] Appellant maintained at trial that the evidence was seized in violation of Rule 313(b), Military Rules of Evidence.

Captain Earl Sutton, the commander of appellant's unit, had noticed in spot checks that the billets were "in substandard condition." Sutton had also noticed Army issue tools and mess hall utensils in individual rooms. Moreover, during weekly inspection, hashish pipes and lock blade knives had been found. Additionally, fights had broken out, the unit had one or two military police blotter reports in July, and Sutton

had observed a disconcerting increase in young, healthy soldiers—most of whom lived in the barracks—"falling out" during physical training. For these reasons Sutton decided to hold an inspection on the morning of 21 July 1982.

The inspection was announced at a morning formation. Inspecting teams were briefed and advised to refrain from violating anyone's personal rights (no "bodily searches"); examine each individual the same way; and inspect every room in the billets in the same way. Sutton also advised the teams to look for tools, unsanitary conditions, lock blade knives, laundry bags stuffed with dirty laundry, prescription drugs that were out of date, and any other contraband or paraphernalia.

Appellant was not singled out or suspected of possessing marihuana. His room was approximately the seventh room inspected by an inspection team that included a Lieutenant Robert M. Wilcox who discovered and seized the marihuana in appellant's field jacket. The marihuana was in a plastic bag and was wrapped in foil packets.

Appellant's motion to suppress was denied by the military judge who made the following findings of fact:

The court is satisfied that Captain Sutton is a—was the commander of this unit, who was properly authorized—or properly empowered to authorize this health and welfare inspection.

The court is satisfied as a matter of fact that the examination was conducted as an incident of command and the primary purpose of the inspection was to determine and assure the security and military fitness and good order and discipline in the unit.

The court finds as a matter of fact that it was an examination to determine if the command was properly equipped, that it was functioning properly, that proper standards of readiness were maintained and that all personnel were present, fit

---

1. Appellant was convicted of possession of 34.-70 grams of marihuana (hashish) and sentenced by a special court-martial composed of officer and enlisted members to a bad-conduct discharge, confinement at hard labor for 6 months, forfeiture of $367.00 pay per month for 6 months, and reduction to the grade of Private E–1.

and ready for duty and that the unit, the condition of the living quarters of the unit was clean and sanitary.

So, the primary purpose of this inspection was administrative and not prosecutorial. The court also finds that as a matter of fact, however, that one of the incidential purposes of this inspection was to locate and confiscate unlawful weapons or other contraband. And the court is satisfied as a matter of law—or excuse me, as a matter of fact, that if these unlawful weapons or contraband had been present in the unit, they would have adversely effected [sic] the security and military fitness and good order and discipline of the command.

The court is also satisfied that Captain Sutton had a suspicion that such contraband would be present in his command and under the circumstances presented, that suspicion was reasonable.

Your attention is directed to the analysis to the Military Rules of Evidence at page A18–40, which states that the reasonable suspicion standard is intentionally minimal and requires only that the person ordering the inspection have a suspicion that is, under the circumstances, reasonable in nature.

As I stated, the court is satisfied that Captain Sutton's suspicion was reasonable.

I would reiterate that the examination was not made for the primary purpose of obtaining evidence for use in a trial by courts-martial or other disciplinary proceedings.

In our view, the evidence clearly supports the military judge's findings.

■ The examination of the unit ordered by Captain Sutton had two purposes. First, to assure the security, military fitness and good order of the unit; and second, to locate and confiscate unlawful weapons and contraband. With respect to the first rea-

son, the only prerequisite for conducting this general type of inspection or examination is a requirement that it be reasonable in terms of both area and purpose.[2] *United States v. Brown,* 12 M.J. 420 (CMA 1982). However, the second type inspection may be conducted only when there is a reasonable suspicion that such property (unlawful weapons and contraband) is present in the command or the examination is previously scheduled. *See* Mil.R.Evid. 313(b).

■ Under the facts of this case, we believe the marihuana was seized during the course of a lawful inspection. We find the inspection was not a subterfuge to gather evidence against a suspected accused, but was a legitimate exercise of the commander's power to inspect his unit. *United States v. Tates,* 50 C.M.R. 504 (ACMR 1975). The manner in which the inspection was conducted was reasonable and we find, as did the military judge, that the second purpose of the inspection—to locate and confiscate unlawful weapons and contraband—was based on reasonable suspicion that such property was present in the command.

Accordingly, we find no merit to appellant's contention that the military judge erred by denying appellant's motion to suppress. We likewise find no merit in appellant's assertion that the sentence is inappropriate.

The findings of guilty and the sentence are affirmed.

Chief Judge HANSEN and Judge BADAMI concur.

**2.** S. Saltzburg, L. Schinasi and D. Schlueter, Military Rules of Evidence Manual at 123 (1981).